[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This action has been brought pursuant to the Accidental Failure of Suit statute, C.G.S. § 52-592, following the dismissal of the original lawsuit because of insufficient service of process.
Before the court at this time is a motion for summary judgment filed by the defendant claiming that the material facts concerning the insufficient service which led to the dismissal of the original case are not in genuine dispute, that they demonstrate that the prior action was dismissed for insufficient service due to the fault of plaintiffs' counsel and not the serving officer, and that the Accidental Failure of Suit statute does not apply.
The material facts do not appear to be in dispute. Before instituting the original action, plaintiffs' counsel telephoned the Secretary of State's office on January 12, 1993 and January 21, 1993 to inquire as to who was the agent for service of process for the limited partnership defendant. On both occasions counsel was advised that a person named Dave Kostin, who maintained as office at Five Farm Springs Road, Farmington, Connecticut was the agent for service. On January 21, 1993 counsel sent a writ, summons, and complaint to a deputy sheriff CT Page 12541-W in Hartford with directions to serve Mr. Kostin as the agent for service. Service was made on Mr. Kostin on January 25, 1993. On January 21, 1993 plaintiffs' counsel also sent a courtesy copy of the writ, summons and complaint to the adjusting company handling the claim for the defendant's insurance company, which was duly received.
The information given to counsel on January 12 and 21, 1993 as to the name of the agent for service was correct at the time of the inquiries. However, unbeknown to plaintiffs' counsel, the defendant had amended its certificate of limited partnership and changed the agent for service of process. This change occurred on September 1, 1992 but did not become effective until it was filed with the office of the Secretary of State on January 21, 1993 at 3:00 P.M.
The so-called Accidental Failure of Suit statute provides in pertinent part as follows:
 If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, . . . the plaintiff, . . . may commence a new action, . . . for the same cause at any time within one year after the determination of the original action. . . .
The statute specifically applies to a fact situation where the original action is dismissed because of "unavoidable accident". In order to succeed on the motion for summary judgment the defendant must show that there is no genuine issue of material fact and, as a matter of law, the statute is not applicable.
In the opinion of the court, the facts concerning the service of process in the original action are, at the very least, sufficient to show that there is a genuine issue of material fact as to whether the Accidental Failure of Suit statute is applicable to this case.
The motion for summary judgment is denied.
William L. Hadden, Jr., Judge CT Page 12541-X